**IN THE MATTER OF:**

JEFFREY MICHAEL DEVRIES, Debtor
XXX-XX-4207

CHAPTER 13
CASE NO: 14-48769
JUDGE MARIA L. OXHOLM

### TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
### TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
### NOTICE TO CREDITORS OF OBLIGATION TO
### FILE A RESPONSE AND RIGHT TO OBJECT; AND
### NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to law.
**Your rights may be adversely affected.**

Tammy L. Terry, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports that the above-named Debtor(s) has/have completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR(S) HAS/HAVE PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR(S) OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR(S) CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

**PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR(S), DEBTOR(S)' COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings tha

1.  All allowed claims have been paid in accordance with the plan; and

2.  With respect to any secured claim that continues beyond the term of the plan, any prepetition o post-petition defaults have been cured and the claim is in all respects current, with no escrow balan late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor is eligible for a Discharg the Order of Discharge will direct that:

1.  Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debto release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2.  Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

## RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debto is or claims to be entitled to a discharge, must:

1.  Immediately begin making the required payments on secured debt obligations to avoid defaultin on those secured debt obligations.

2.  Continue to make required payments on secured debt obligations until those obligations are pa in full.  If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that cor due after the date of Debtor's last payment under the Plan.

See E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1.  Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Co the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522 (q). Official Form B283.  The form and instructions on how to complete this form may be found on the U Court's web site, www.mieb.uscourts.gov.

2.  If this is a Joint Case, each Debtor must separately complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3.  If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapt 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge

See E.D. Mich. LBR 4004-1.

# RIGHTS AND DUTIES OF CREDITORS

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1.  The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2.  The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3.  One or more allowed claims have not been paid in accordance with the plan; or

4.  With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not curre in all respects including, but not limited to, and unpaid escrow balance, late charge, cost or attorney fee; or

5.  A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6.  There exists reasonable cause to believe that:

    (a).11 U.S.C. Section 522(q)(1) may be applicable to the Debtor(s); or

    (b).There is pending any proceeding in which the debtor may be found guilty of a felony of the k specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is tim filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1.  Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2.  Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3.  All allowed claims have been paid in accordance with the plan; and

4.  With respect to any secured claim that continues beyond the term of the plan, all prepetition an post-petition defaults have been cured and the claim is current in all respects including, but not limit to, all escrow balances, late charges, costs or attorney fees; and

5.  A creditor has a no lawful reason to refuse to execute or deliver a release, termination statemen discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

(a).11 U.S.C. Section 522(q)(1) may be applicable to the Debtor(s); or

(b).There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.


June 11, 2021                OFFICE OF THE CHAPTER 13 TRUSTEE - DETROIT

/S/ TAMMY L. TERRY, Chapter 13 Trustee _____

/S/ KIMBERLY SHORTER-SIEBERT (P49608)
/S/ MARILYN R. SOMERS-KANTZER (P52488)
535 Griswold Street, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

DTT_Letter_Discharge_Preparation.rpt          Jeffrey Michael Devries; Case #: 14-48769-MLO          Tammy L. Terry

IN THE MATTER OF:

JEFFREY MICHAEL DEVRIES, Debtor
XXX-XX-4207

CHAPTER 13
CASE NO: 14-48769
JUDGE MARIA L. OXHOLM

## PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

I hereby certify that I electronically filed the **TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION** was electronically filed with the Clerk of the Court, served via Electronic Court Filing and/or a copy of same was deposited in the U.S. Mail to debtor's(s)' attorney (if any) or the debtor(s), if unrepresented, at the address as it appears below.

**FREGO & ASSOCIATES**
**23843 JOY ROAD, SUITE 4**
**DEARBORN HEIGHTS, MI 48127**

The holders of allowed claims on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:


June 11, 2021

/s/ Terri Dooms

---------------------------------------------
Legal Assistant
Office of the Chapter 13 Trustee - TAMMY L. TERRY
Buhl Building
535 Griswold, Suite 2100
Detroit, MI 48226
Telephone (313) 967-9857

JEFFREY MICHAEL DEVRIES
8901 JACKMAN ROAD
TEMPEREANCE, MI 48182

| | |
|---|---|
| ALTAIR OH XIII, LLC<br>C O WEINSTEIN, PINSON AND RILEY,PS<br>PO BOX 3978<br>SEATTLE, WA 98124-3978 | AMERICAN EXPRESS CENTURION BANK<br>C/O BECKET AND LEE LLP<br>P O BOX 3001<br>MALVERN, PA 19355-0701 |
| CAPITAL ONE BANK USA NA<br>P O BOX 71083<br>CHARLOTTE, NC 28272-1083 | CAPITAL ONE N A<br>C/O BECKET AND LEE LLP<br>P O BOX 3001<br>MALVERN, PA 19355-0701 |
| DELL FINANCIAL SERVICES, LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10390<br>GREENVILLE, SC 29603-0390 | FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE STREET<br>STOP CODE 3105<br>OMAHA NE 68197 |
| INTERNAL REVENUE SERVICE<br>P O BOX 7317<br>PHILADELPHIA, PA 19101-7317 | JEFFERSON CAPITAL SYSTEMS LLC<br>P O BOX 772813<br>CHICAGO, IL 60677-2813 |
| MICHIGAN DEPARTMENT OF<br>TREASURY/REVENUE/AG<br>PO BOX 30456<br>LANSING, MI 48909-7955 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>P O BOX 12914<br>NORFOLK, VA 23541 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC<br>POB 12914<br>NORFOLK, VA 23541 | PREMIER BANKCARD/CHARTER<br>PO BOX 2208<br>VACAVILLE, CA 95696 |

QUANTUM3 GROUP LLC
PO BOX 2489
KIRKLAND, WA 98083-2489

RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC 29603

SN SERVICING CORPORATION
323 FIFTH STREET
EUREKA, CA 95501

SN SERVICING CORPORATION
PO BOX 660820
DALLAS, TX 75266

USA FUNDS - MC E2148
ATTN: DEPOSIT OPERATIONS
PO BOX 6180
INDIANAPOLIS, IN 46206

DTT_Letter_Discharge_Preparation.fpt          Jeffrey Michael Devries; Case #: 14-48769-MLO                    Tammy L. Terry